UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COZEN O'CONNOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HQ SUSTAINABLE MARITIME INDUSTRIES, INC.; NORBERT SPORNS; HARRY WANG; LILLIAN WANG; and JEAN PIERRE DALLAIRE,<br><br>　　　　Defendants. | CAUSE NO.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Cozen O'Connor ("Cozen" and/or "Plaintiff"), is informed and believes and thereon alleges against Defendants HQ SUSTAINABLE MARITIME INDUSTRIES, INC., NORBERT SPORNS, HARRY WANG; LILLIAN WANG; and JEAN PIERRE DALLAIRE (collectively "Defendants"), and each of them as follows:

**I.　　PARTIES**

1.　　At all relevant times herein mentioned, Plaintiff Cozen is a Professional Corporation incorporated in Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania. Cozen is duly licensed and authorized to do business in Washington and maintains an office in Seattle, Washington. Cozen provided legal services to

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

Defendants for which Defendants have failed to pay despite repeated assurance and promises that payment would be made.

2. At all relevant times herein mentioned, Defendant HQ SUSTAINABLE MARITIME INDUSTRIES, INC. ("HQ INDUSTRIES") is a Delaware corporation with its headquarters in Seattle, Washington.

3. At all relevant times herein mentioned, Defendant NORBERT SPORNS ("SPORNS") is an adult individual residing at 333 N. Hill Blvd., Burlington, Washington 98233 and is the Chief Executive Officer ("CEO") and registered agent of HQ INDUSTRIES. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, SPORNS was the officer, agent, or representative of HQ INDUSTRIES, and was at all relevant times acting within the purpose and scope of said agency, service or employment, with the knowledge, consent, permission, or approval of HQ INDUSTRIES in committing the acts and omissions herein alleged.

4. At all relevant times herein mentioned, Defendant HARRY WANG was an adult individual residing in the Hainan Province of the People's Republic of China and was the Vice President of HQ INDUSTRIES. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, HARRY WANG was the officer, agent, or representative of HQ INDUSTRIES, and was at all relevant times acting within the purpose and scope of said agency, service or employment, with the knowledge, consent, permission, or approval of HQ INDUSTRIES in committing the acts and omissions herein alleged.

5. At all relevant times herein mentioned, Defendant LILLIAN WANG was an adult individual residing at 357 N. Hill Blvd., Burlington, Washington 98233 and was the Secretary of HQ INDUSTRIES. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, LILLIAN WANG was the officer, agent, or representative of HQ INDUSTRIES, and was at all relevant times acting within the purpose and scope of said

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

1  agency, service or employment, with the knowledge, consent, permission, or approval of HQ
2  INDUSTRIES in committing the acts and omissions herein alleged.

3    6.  At all relevant times herein mentioned, Defendant JEAN PIERRE DALLAIRE ("DALLAIRE") was an adult individual residing in either the State of Washington or in the Province of Ottawa in Canada, and was the Treasurer of HQ INDUSTRIES. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, DALLAIRE was the officer, agent, or representative of HQ INDUSTRIES, and was at all relevant times acting within the purpose and scope of said agency, service or employment, with the knowledge, consent, permission, or approval of HQ INDUSTRIES in committing the acts and omissions herein alleged.

## II. JURISDICTION AND VENUE

5.  The damage that forms the basis of this Complaint occurred in substantial part in the State of Washington.

6.  The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest.

7.  The dispute herein is between citizens of different states.

8.  The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. §1332(a)(1) and (c)(1), and venue is proper pursuant to 28 U.S.C. §1391.

## III. FACTUAL ALLEGATIONS

9.  In or around late March and early April 2011, SPORNS retained Cozen on behalf of HQ INDUSTRIES to perform legal services, including (1) legal services to address issues arising before NYSE Amex LLC (hereinafter "NYSE AMEX") in connection with HQ INDUSTRIES' delay in filing a Form 10-K for the year ended December 31, 2010; and (2) the defense and representation of HQ INDUSTRIES arising from a formal Order Directing Private Investigation and Designating Officers to Take Testimony (*In the Matter of HQ SUSTAINABLE MARITIME INDUSTRIES, INC.*, HO-11666) brought by the Securities

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

Exchange Commission ("SEC") against HQ INDUSTRIES on or around April 25, 2011 (hereinafter referred to as the "SEC Investigation" proceeding).  The above-referenced legal services also included the defense and representation of HQ INDUSTRIES in the following lawsuits (hereinafter referred to as the "underlying lawsuits") filed against HQ INDUSTRIES and its directors and officers:

    i. *Jason Moomjy v. HQ Sustainable Maritime Industries, Inc., et al.*, United States District Court for the Western District of Washington, Case No. 2:11-cv-00726-RSL;

    ii. *In Re HQ Sustainable Maritime Industries, Inc.* Derivative Litigation, Washington State King County Superior Court, Case No. 11-2-16742-9SEA;

    iii. *In Re HQ Sustainable Maritime Industries, Inc.* Derivative Litigation, United States District Court for the Western District of Washington, Case No. 11-00910; and

    iv. *Britt v. Intrater, et al.*, Delaware Chancery Court, Docket No. 7230-VCP.

10. In consideration for the foregoing legal services, Defendants agreed to make payments to Cozen for services performed based upon Cozen's hourly rates.  In addition, Defendants agreed to reimburse Cozen for all costs incurred on Defendants' behalf.

11. The parties memorialized the terms of Cozen's retention in an engagement letter (hereinafter referred to as the "engagement letter") sent to SPORNS on or around April 1, 2011, referencing that Cozen's retention was in connection with issues arising before the NYSE-AMEX.  A true and correct copy of the engagement letter is attached hereto and incorporated as **Exhibit "A."**

12. SPORNS accepted and acknowledged the terms set forth in the engagement letter on behalf of HQ INDUSTRIES, on or around April 2, 2011.  The $25,000.00 retainer referenced in the engagement letter was also wired at SPORNS' direction to Cozen on or around April 2, 2011.  A true and correct copy of SPORNS' e-mail correspondence accepting and acknowledging the engagement letter by attaching the $25,000.00 wire transfer to Cozen is attached hereto and incorporated as **Exhibit "B."**

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

13. SPORNS further acknowledged during early April 2011 that Cozen was asked to work on behalf of HQ INDUSTRIES regarding several matters related to the NYSE-AMEX notice letter, including a March 2011 demand for inspection of records by a shareholder rights litigation firm. A true and correct copy of SPORNS' e-mail correspondence dated April 5, 2011, referencing a Form 8-K filing as one of the further matters for which Cozen was retained, is attached hereto and incorporated as **Exhibit "C."**

14. From March 2011 through in or around October 2013, and pursuant to their agreement, Cozen provided various legal services to HQ INDUSTRIES in connection with the NYSE AMEX letter, SEC Investigation proceeding, the underlying lawsuits, and their related matters. These legal services included, but were not limited to, the review and analysis of over 800,000 documents, production of approximately 750,000 pages of documents, motion practice in the underlying lawsuits, settlement communications, and other related services.

15. Based on the legal services provided by Cozen to Defendants, Cozen achieved exemplary results to the great satisfaction of Defendants. These results included prevailing on a motion to dismiss in around November 2011 in the matter of *Jason Moomjy v. HQ Sustainable Maritime Industries, Inc., et al.*, United States District Court for the Western District of Washington, Case No. 2:11-cv-00726-RSL, and also included the successful termination, in or around August 2012, of the SEC Investigation proceeding without any additional action against Defendants. In response to the successful conclusion of the SEC Investigation proceeding, SPORNS expressed his satisfaction with this result to Cozen. A true and correct copy of SPORNS' August 2012 e-mail correspondence regarding his satisfaction with the conclusion of the SEC Investigation proceeding is attached hereto and incorporated as **Exhibit "D."** A true and correct copy of SPORNS' September 2012 e-mail correspondence, conveying thanks and congratulations on behalf of HQ INDUSTRIES and its officers and directors regarding the termination of the SEC Investigation, is attached hereto and incorporated as **Exhibit "E."**

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

16.     Cozen performed the foregoing legal services, by utilizing partners, associates, clerks, and paralegals of the firm.  Cozen charged rates for these services that were commensurate with the rates charged by members of the legal community at that time and were reasonable in light of the degree of experience of the professionals providing the services, and in light of the nature of the services provided by Cozen.  Invoice statements were issued to HQ INDUSTRIES, on an ongoing basis, for legal fees and disbursements incurred as a result of the legal services provided to and for the benefit of Defendants.  A true and correct copy of a "Ledger History" statement for all billing Matters opened by Cozen for HQ INDUSTRIES during 2011 through 2013 is attached hereto and incorporated herein as **Exhibit "F."**

17.     Cozen's invoices issued to Defendants for matters related to the NYSE AMEX letter and the SEC Investigation proceeding totaled over $1.3 Million in the aggregate during 2011 and 2012.  Of this total, Cozen invoiced $1,299.304.00 for its professional services fees and expenses incurred with regard to the SEC Investigation matter alone, as tracked and invoiced under Cozen's billing Matter #307612, "SEC Investigation."

18.     By September 28, 2012, the total of approximately $1,265,000.00 in Cozen's professional services fees and expenses was tracked and invoiced under Cozen's billing Matter #307612, "SEC Investigation."   On September 28, 2012, an attorney for one of HQ INDUSTRIES' insurers, North River Insurance Co. ("North River"), issued an e-mail correspondence of "deal points" that were proposed for agreement as a settlement between North River, HQ INDUSTRIES, Cozen, and another law firm, Chadborne & Parke LLP. (hereinafter referred to as "Deal Points E-mail").  As stated in the Deal Points E-mail, HQ INDUSTRIES agreed to pay $400,000.00 toward the settlement of the underlying lawsuits.  A true and correct copy of this Deal Points E-mail is attached hereto and incorporated herein as **Exhibit "G."**

19.     Of the total of approximately $1,265,000.00 that the Deal Points E-mail acknowledged was owed to Cozen with regard to the SEC Investigation matter as of

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

September 28, 2012, Six Hundred Sixty Five Thousand Seven Hundred Sixty Five Dollars and Twenty Five Cents ($665,765.25) was paid in December 2012 by North River pursuant to a settlement agreement between North River and HQ INDUSTRIES (hereinafter the "Settlement Agreement and Release").  A true and correct copy of this Settlement Agreement and Release is attached hereto and incorporated herein as **Exhibit "H."**  A settlement had been confirmed as between HQ INDUSTRIES, North River and Cozen in the Deal Points E-mail (Exhibit "G") on or around September 28, 2012.  However, the settlement as between only HQ INDUSTRIES and North River was integrated into the later Settlement Agreement and Release (Exhibit "H") executed by North River, and upon information and belief executed on behalf of HQ INDUSTRIES, in or around December 2012.  The Settlement Agreement and Release between North River and HQ INDUSTRIES provided that North River would fund the $400,000 that HQ INDUSTRIES had agreed to pay toward the settlement of the underlying lawsuits, but in turn HQ INDUSTRIES was "legally bound" to receive $665,765.25 from North River as its full and complete insurance payment toward their Settlement Agreement and Release's acknowledged amount of $1,265,765.25 incurred by HQ INDUSTRIES relating to the SEC Investigation.

20.   On December 26, 2012, North River's counsel sent Cozen a payment letter enclosing a check for $665,765.25 stating "negotiated settlement for SEC Investigation defense costs."  A true and correct copy of this insurer's partial payment letter is attached hereto and incorporated herein as **Exhibit "I."**

21.   Under the Deal Points E-mail (Exhibit "G"), Cozen had "agree[d] to waive its collection rights against North River and HQ [INDUSTRIES] as to $200k of the firm's aggregate fees/expenses."  Deducting this $200,000.00 amount, the remaining amount owed by Defendants which remained uncollected, as tracked and invoiced under Cozen's billing Matter #307612, "SEC Investigation," would have totaled Four Hundred Thirty Three Thousand Five Hundred Fifty Seven Dollars and Fifty Cents ($433,557.50).

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

22. Defendants agreed with Cozen in late 2012 to pay Four Hundred Thousand Dollars ($400,000.00) of the total outstanding fees and costs toward the shortfall after HQ INDUSTRIES' insurance payments were contributed by North River toward the $1,265,765.25 incurred relating to the SEC Investigation. SPORNS advised that HQ INDUSTRIES was temporarily unable to render payment to Cozen based on China's restrictions against such payments at that time. Despite the promises by SPORNS that this $400,000.00 payment would be made, no payment of any amount has been made by Defendants to Cozen.

23. Cozen's agreed waiver by the Deal Points E-mail (Exhibit "G") of $200,000 of its aggregate fees/expenses has become ineffective, due to the failure of Defendants to pay the compromised amount of Four Hundred Thousand Dollars ($400,000.00) despite their promises and assurances.

24. Excluding interest, the total amount of fees and costs currently owed by Defendants for the SEC Investigation legal services performed by Cozen, as tracked and invoiced under Cozen's billing Matter #307612, is Six Hundred Thirty Three Thousand Five Hundred Fifty Seven Dollars and Fifty Cents ($633,557.50) (referred to as the "SEC Investigation Owed Amount").

25. Amounts are also owed to Cozen for other billing Matters opened by Cozen for HQ INDUSTRIES, as invoiced to HQ INDUSTRIES and tracked on Cozen's statement of account Ledger History, Exhibit "F". Excluding interest, the fees and costs tracked and invoiced under Cozen's billing Matter #302824, "Public Reporting," were $2,918.50. Excluding interest, the fees and costs tracked and invoiced under Cozen's billing Matter #302846, "Records Inspection Demand," were $43,614.50. Excluding interest, the fees and costs tracked and invoiced under Cozen's billing Matter #307609, "NYSE AMEX Investigation," were $35,191.50. Excluding interest, the fees and costs tracked and invoiced under Cozen's billing Matter #307611, "FINRA Investigation," were $2,138.50. Therefore, excluding interest, the total amount of fees and costs currently owed by Defendants for legal

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

services performed by Cozen for HQ INDUSTRIES on non-litigated matters related to the NYSE AMEX letter and/or the SEC Investigation, as tracked and invoiced under Cozen's referenced billing Matter numbers, is Eighty Three Thousand Eight Hundred Sixty Three Dollars ($83,863.00).

26. The total amount of fees and costs currently owed by Defendants for legal services performed by Cozen for HQ INDUSTRIES also includes further amounts of shortfall after HQ INDUSTRIES' insurance payments were contributed toward the defense and representation of HQ INDUSTRIES in the underlying litigation. Excluding interest, the unpaid fees and costs tracked and invoiced under Cozen's billing Matter #30285 ("Litigation"), were One Hundred Twenty Six Thousand Six Hundred Fifty Three Dollars and Two Cents ($126,653.02). Additional amounts of approximately Three Thousand Seven Hundred Dollars ($3700.00), were unpaid fees and costs tracked and invoiced under Cozen's billing Matter #283570 for HQ INDUSTRIES relating to the underlying litigation. Therefore, the total amount of outstanding fees and costs currently owed under the contract for Cozen's professional legal services for all billing Matters opened by Cozen for HQ INDUSTRIES, exclusive of interest (referred to as the "Total Owed Amount") is approximately Eight Hundred Forty Eight Thousand Dollars ($848,000.00).

### IV. COUNT I - BREACH OF CONTRACT
### (AGAINST ALL DEFENDANTS)

27. Cozen incorporates paragraphs 1 through 26 of this Complaint as though they were fully set forth herein at length.

28. Defendants entered into a contract with Cozen, whereby Cozen agreed to provide legal services for the defense and representation of Defendants, and Defendants agreed to pay Cozen's hourly fees for such legal services and to reimburse Cozen for costs expended in the performance of the legal services.

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

29. Cozen performed its obligations under the contract and performed the legal services requested by Defendants, in accordance with the professional standard of care.

30. Defendants breached the contract, despite repeated demands from Cozen and repeated promises and assurances by Defendants by, among other things:

    a) Failing to pay any amount owed under the contract; and

    b) Failing to timely pay any amount owed under the contract.

31. Cozen has been damaged in the amount of outstanding fees and costs owed under the contract for Cozen's professional legal services.

## V. COUNT II - UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

32. Cozen incorporates paragraphs 1 through 31 of this Complaint as though they were fully set forth herein at length.

33. Cozen performed professional legal services on Defendants' behalves, and at their request. Defendants were fully aware of the activities undertaken by Cozen on their behalves.

34. Defendants benefited from the professional legal services provided by Cozen.

35. Defendants failed to pay for Cozen's professional services notwithstanding Defendants' request for, and acceptance of, such services. Defendants repeatedly assured Cozen that all or part of the fees and costs would be paid.

36. Defendants have been unjustly enriched in the amount of the outstanding fees and costs of Cozen's professional legal services, to Cozen's detriment.

## VI. COUNT III – FRAUD
### (AGAINST SPORNS)

37. Cozen incorporates paragraphs 1 through 36 of this Complaint as though they were fully set forth herein at length.

38. As the CEO of HQ INDUSTRIES, SPORNS had authority to accept, receive, control, and/or manage funds, and had the authority to select and retain legal counsel.

COMPLAINT AND DEMAND FOR JURY TRIAL - 10

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

39.     By virtue of SPORNS' position with HQ INDUSTRIES and by virtue of the repeated promises and assurances made by SPORNS to Cozen, a trusted relationship existed at all relevant times herein between SPORNS and Cozen.

40.     Despite having voluntarily accepted the trust and confidence placed in SPORNS by Cozen, in violation of this relationship of trust and confidence, SPORNS abused the trust and confidence of Cozen by failing to make any payment towards Cozen's invoices, including but not limited to the following fraudulent acts:

    a)   fraudulently wasting or dissipating the corporate assets of HQ INDUSTRIES;

    b)   Intentionally misleading Cozen by repeated promises and assurances that payment would be made towards the SEC Investigation Owed Amount despite SPORNS' knowledge that no such payment would be made; and

    c)   Intentionally misrepresenting and fabricating facts regarding the ability of HQ INDUSTRIES to pay $400,000.00 toward the SEC Investigation Owed Amount despite SPORNS' knowledge that no such payment would be made.

41.     SPORNS did the aforementioned acts with the intent to deceive and defraud Cozen, and SPORNS employed these devices to conceal from Cozen that no payment would be made towards the SEC Investigation Owed Amount.

42.     Cozen placed confidence and reliance in SPORNS and reasonably relied on SPORNS' integrity.

43.     As a result of the fraud of SPORNS as herein alleged, Cozen has been damaged in an amount to be proven at trial.

///

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

### VII. COUNT IV – RESPONSIBLE CORPORATE OFFICER LIABILITY (AGAINST SPORNS, HARRY WANG, LILLIAN WANG, AND DALLAIRE)

44. Cozen incorporates paragraphs 1 through 43 of this Complaint as though they were fully set forth herein at length.

45. SPORNS participated in and/or directed the making of fraudulent and deceitful promises and assurances that payments would be made by HQ INDUSTRIES for Cozen's professional legal services.

46. SPORNS participated in and/or directed the making of fraudulent and deceitful representations that HQ INDUSTRIES was temporarily unable to render payment for Cozen's professional legal services based on China's temporary restrictions against such payments.

47. HARRY WANG, LILLIAN WANG, and DALLAIRE either directly participated in, knew about, or sanctioned, approved, or adopted, the false statements or misrepresentations made by SPORNS regarding payments by HQ INDUSTRIES for or on behalf of the corporation.

48. HARRY WANG, LILLIAN WANG, and DALLAIRE further exercised close control of the corporation such that they are legally charged with knowledge of the fraud, false statements or misrepresentations made by SPORNS for or on behalf of HQ INDUSTRIES.

49. At no time did SPORNS, HARRY WANG, LILLIAN WANG, and DALLAIRE disavow or repudiate the false statements or misrepresentations made by SPORNS regarding payments by HQ INDUSTRIES for or on behalf of the corporation.

50. SPORNS, HARRY WANG, LILLIAN WANG, and DALLAIRE are not immune from liability as corporate officers, but instead they are all personally liable for their actions or omissions in relation to the false statements or misrepresentations made for or on behalf of HQ INDUSTRIES.

COMPLAINT AND DEMAND FOR JURY TRIAL - 12

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

51.	As a result of the false statements or misrepresentations made for or on behalf of HQ INDUSTRIES, Cozen has suffered injury or damage in the amounts owed by HQ INDUSTRIES for Cozen's professional legal services.

### VIII.  COUNT V – DISSIPATION OF CORPORATE ASSETS
### (AGAINST SPORNS, HARRY WANG, LILLIAN WANG, AND DALLAIRE)

52.	Cozen incorporates paragraphs 1 through 51 of this Complaint as though they were fully set forth herein at length.

53.	HQ INDUSTRIES was a Delaware corporation registered in the State of Washington, but its registration in Washington expired in November 2012.

54.	SPORNS, HARRY WANG, LILLIAN WANG, and DALLAIRE were all corporate officers of HQ INDUSTRIES and all of them owed duties to creditors of HQ INDUSTRIES, such as Cozen, not to wrongfully allow the dissipation of corporate assets.

55.	SPORNS, HARRY WANG, LILLIAN WANG, and DALLAIRE, and each of them, violated their duties owed to Cozen under applicable law, including but not limited to their fiduciary obligations to wind-up the affairs of the corporation in an orderly manner and for the benefit of creditors under Delaware law, not to wrongfully allow the dissipation of corporate assets that could otherwise have been used for payment of amounts owed by HQ INDUSTRIES for Cozen's professional legal services.

56.	As a result of the corporate wrongful dissipation of corporate assets, Cozen has suffered injury or damage in the amounts owed by HQ INDUSTRIES for Cozen's professional legal services.

### IX.	JURY DEMAND

A jury trial is requested.

### X.	REQUESTED RELIEF

WHEREFORE, Plaintiff COZEN O'CONNOR prays for judgment against Defendants as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 13

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2

1. For damages in the amount of Total Owed Amount, and for such further amounts owed to Cozen as may be proven at trial;

2. For pre-judgment interest;

3. For costs and attorneys' fees as permitted by law; and

4. For such other relief as the Court may deem just and proper.

DATED this 27th day of April, 2015.

                COZEN O'CONNOR

By: */s/ Michael D. Handler*
    Michael D. Handler, WSBA No. 25654
    999 Third Avenue, Suite 1900
    Seattle, WA 98104
    Telephone: 206.340.1000
    Email: mhandler@cozen.com

*Attorneys for Plaintiff Cozen O'Connor*

COMPLAINT AND DEMAND FOR JURY TRIAL - 14

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\22195553\2